**PEASE LAW, APC**
Bryan W. Pease (SBN 239139)
302 Washington St. #404
San Diego, CA 92103
Ph. (619) 723-0369
Email: bryan@bryanpease.com

Attorney for Plaintiff
Blanca Gomez

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| Blanca Gomez,<br><br>Plaintiff,<br>v.<br><br>COUNTY OF SAN BERNARDINO; TYLER MCGEE; JON CAHOW; V. QUIROZ; T. GAGNE; JOHN WICKUM, and DOES 1-10,<br><br>Defendants. | Case No.<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |
|---|---|

**INTRODUCTION**

1. Plaintiff Blanca Gomez is a Victorville City Council member who San Bernardino County Sheriff's deputy T. Gagne (#F8546), Captain John Wickum, and fictitiously named Doe Defendants 1-5 unlawfully arrested in the middle of a city council meeting on July 20, 2021, when Councilmember Gomez asked the deputies to stop harassing a man named Robert Rodriguez, who was peacefully and legally filming the council meeting.

2. Councilmember Gomez was livestreaming the deputies' actions from her phone on her Instagram account. After her arrest, the deputies deleted the videos from Councilmember Gomez's phone, and also went into her Instagram account and deleted the videos there as well.

3. Defendant Tyler McGee, a San Bernardino County Sheriff's detective, next obtained a search warrant from San Bernardino County Superior Court Judge Kyle Brodie, to search the homes of Gomez and Rodriguez, including "all rooms, closets, attics, garages, storage areas, patios, vehicles, RV in the back yard, including any safes, vaults, miscellaneous locked containers as well as all person's [sic] present."

4. The property to be searched for was listed as: "Cell Phones possessed by Gomez and Rodriguez."

5. The warrant stated, "Although the crimes being investigated appear to be misdemeanors, a misdemeanor is a 'public offense' under Penal Code section 16. It appears from the facts stated that the cell phones were used to commit at least one misdemeanor, and the warrant is therefore issued pursuant to Penal Code section 1524, subdivision (a)(3)."

6. This warrant was obtained on false pretenses, as it is legal to record city council meetings, and no crime was committed other than by Defendants.

7. McGee and Defendants Quiroz, Cahow, and Does 6-10, also San Bernardino County Sheriff's deputies, then went to the home of Councilmember Gomez, where she rents a room in a home with several other roommates. Only the property owner and his brother were initially present, who speak only Spanish. Defendants held these two individuals at gunpoint while they searched all rooms in the house, and seized property belonging to everyone living there.

8. The items Defendants seized, which Defendants left a receipt for, were:

- Nokia Cel Phone
- Apple Watch
- Samsung Galaxy

- Samsung
- Black/red USB drive
- iPad
- iPad
- CDL [California Driver's License]
- Silver Apple Laptop
- iPhone S
- iPhone
- iPhone S
- iPhone
- iPhone
- iPhone
- iPhone S
- Acer Chromebook
- Macbook Air
- Lenovo laptop
- White iPhone
- Wallet with Robert Rodgriguez CDL
- Black iPhone
- iPad
- Sky devices
- Microsoft laptop

9. Defendants also searched the home of Rodriguez and seized items from there as well. Despite there being no underlying crime, Rodriguez is still being held by Defendants in county jail on a "flash incarceration" under Penal Code § 3455, with no bail, based on Rodriguez's peaceful and legal recording of the July 20, 2021 Victorville City Council meeting.

10. Plaintiff now brings this suit for damages and injunctive relief pursuant to 42 U.S.C. § 1983.

**JURISDICTION AND VENUE**

11. This action arises under 42 U.S.C. § 1983. The Court has jurisdiction pursuant to 28 U.S.C. § 1331 and § 1343.

12. Venue under 28 U.S.C. § 1391 in this Court is proper as all of the events or omissions giving rise to the claims alleged occurred in San Bernardino County, which is within the Central District of California. Additionally, all parties reside in San Bernardino County.

**PARTIES**

13. Plaintiff BLANCA GOMEZ is an individual residing in San Bernardino County.

14. Defendant COUNTY OF SAN BERNARDINO is a municipal entity within the State of California.

15. Defendant TYLER MCGEE is an individual residing in San Bernardino County, named in both his official and individual capacities.

16. Defendant JON CAHOW is an individual residing in San Bernardino County, named in both his official and individual capacities.

17. Defendant V. QUIROZ is an individual residing in San Bernardino County, named in both his official and individual capacities.

18. Defendant T. GAGNE is an individual residing in San Bernardino County, named in both his official and individual capacities.

19. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Doe Defendants is responsible in some manner for the acts, omissions, and damages alleged herein. Plaintiff is unaware of the true names and capacities of the Doe Defendants, and, therefore, sues these Defendants under such fictitious names. Plaintiff is informed and believes and thereon alleges that each of said fictitiously named Defendants was the agent, servant, and employee of each and every

other Defendant acting within the course and scope of his or her agency and employment, and with the knowledge, ratification and consent of each respective principal. Plaintiff will seek leave to amend this Complaint when their true names and capacities have been ascertained.

20. Regarding all actions and causes of action herein alleged and stated, all Defendants (including all Doe Defendants) violated clearly established statutory or constitutional rights held by Plaintiff that they had a mandatory duty to uphold. No reasonable governmental official similarly situated to any of the Defendants could have believed that his/her conduct was lawful or within the bounds of reasonable discretion. As a result, all individual Defendants, including all individual Doe Defendants, lack immunity from suit or liability under either statutorily created immunity or the judicially created doctrine of "qualified immunity".

## ALLEGATIONS OF FACT

21. On July 20, 2021, an individual named Robert Rodriguez was peacefully, unobtrusively, and legally filming the Victorville City Council meeting, when the Victorville mayor asked Sheriff's deputies who were present to search Rodriguez's phone to determine if he was filming. The San Bernardino Sheriff's Department has a $29.1 million contract with the City of Victorville to provide police services.

22. When the deputies complied with the illegal request from the mayor, Councilmember Gomez left her seat on the dais and approached the deputies and Rodriguez in the audience, while filming and livestreaming to Instragram on her cellphone as well.

23. The deputies then arrested both Gomez and Rodriguez, and seized their cellphones. The deputies forced Gomez to the ground and handcuffed her hands behind her back. They then picked her up and paraded her around City Hall in handcuffs. As Gomez began to suffer a panic attack, the deputies took her to a hospital, and kept a camera in her face filming the entire time, eventually releasing her a few hours later.

24. When Gomez received her cellphone back, she saw that Defendants had not only deleted the videos of the incident she had taken, but had also gone into her Instagram account and deleted the videos there as well.

25. When Defendants executed the search warrant, they took several items listed above that were not “Cell Phones possessed by Gomez and Rodriguez,” which are the only items the search warrant authorized Defendants to take.

26. Accordingly, the individual Defendants were acting in their individual capacities as nothing more than common criminals and thieves, stealing these items from Councilmember Gomez’s and her roommates’ home without any legal authority to do so, although Defendants were acting under color of state law.

27. Defendants even seized Gomez’s driver’s license, depriving her of the ability to drive, which she needs to do for work. Defendants also seized Rodriguez’s driver’s license and SNAP (i.e., food stamps) eligibility card, which Plaintiff was in possession of and holding onto for Rodriguez, which the warrant did not authorize Defendants to seize either. Defendants also took Gomez’s computers, which contain materials needed for the online doctoral program Gomez is enrolled in at California Baptist University in Riverside. This seizure was also not authorized by the warrant.

## FIRST CAUSE OF ACTION

**42 U.S.C. § 1983**

**(Against all individual Defendants)**

28. Plaintiff re-alleges and incorporates by reference all prior paragraphs of this Complaint as though each were set forth herein in full.

29. Title 42 U.S.C. § 1983 states in pertinent part: “Every person who, under color of [law] subjects, or causes to be subjected, any person of the United States . . . to the deprivation of any rights, privileges or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law [or equity].”

30. The First Amendment protects Plaintiff’s rights to petition her government for redress of grievances, and to communicate with others, including in public forums

such as the Internet and social media, as well as city council meetings.

31. The Fourth Amendment protects against unlawful and unreasonable seizure of property and persons.

32. The Fourteenth Amendment protects against deprivation of property without due process of law.

33. The individual Defendants deprived Plaintiff of her Constitutional rights guaranteed to her by the First, Fourth, and Fourteenth Amendments to the United States Constitution by falsely arresting her, deleting the video of the incident from her phone and Instagram account, obtaining a search warrant on the false pretense that Gomez and Rodriguez had committed a crime by peacefully and legally video recording a city council meeting, and then exceeding the scope of that warrant by seizing vastly more items than the warrant authorized them to.

34. At no time did Plaintiff give consent to Defendants' actions.

35. In committing the acts and omissions alleged herein, Defendants acted under the color of state law.

36. In committing the acts and omissions alleged herein, Defendants acted with malice, oppression and fraud, and with the intent to cause harm and/or offense to Plaintiff.

37. Plaintiff is entitled to compensatory damages, punitive damages, attorney fees under 42 U.S.C. § 1988, and all applicable law, and any other such relief as the Court deems just and appropriate.

## SECOND CAUSE OF ACTION

### 42 U.S.C. § 1983 – Municipal Liability

### (Against County of San Bernardino)

38. Plaintiff re-alleges and incorporates by reference all prior paragraphs of this Complaint as though each were set forth herein in full.

39. The County of San Bernardino has an unconstitutional, deeply engrained policy or custom of holding onto people's personal electronic equipment such as phones

and computers for several months or more when seized as part of an investigation, despite having the ability to quickly copy the data and return the items, thus unreasonably depriving individuals of their property under the Fourth Amendment.

40. The true purpose behind Defendants' actions in seizing Plaintiff's electronic devices was not to obtain information related to a legitimate investigation, but instead to deter and punish Plaintiff for exercising her First Amendment rights, as well as to control and tamper with evidence showing the illegal actions of Sheriff's deputies at the Victorville City Council meeting on July 20, 2021.

41. The County also has an unconstitutional, deeply engrained policy or custom of unlawfully seizing personal electronic devices containing evidence that is incriminating to the San Bernardino County Sheriff's Department, which the County desires to control the dissemination of, and/or tamper with, as Defendants did in this case.

42. Another example of the County's deeply engrained policy or custom regarding seizure of personal electronic devices that contain incriminating evidence against the San Bernardino County Sheriff's Department that the County wishes to control or destroy is currently being litigated in *Sato v. County of San Bernardino,* Case No. 5:20-cv-01876-JGB-CP, in which San Bernardino Sheriff's detectives from the same Victorville substation acted under the same unconstitutional policy or custom of obtaining search warrants based on false pretenses, when no crime had been committed, in order to seize cellphones and computers believed to contain information that could incriminate or portray the San Bernardino Sheriff's Department in a negative light.

43. Plaintiff seeks injunctive relief and damages regarding the County of San Bernardino's unconstitutional policy that resulted in her personal electronic devices being seized and held for an ongoing unreasonable amount of time.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

(1) For a injunctive relief requiring the immediate return of all property Defendants seized that is not "Cell Phones possessed by Gomez and Rodriguez," which were the only items authorized by the search warrant to be seized;

(2) For injunctive relief enjoining the County of San Bernardino from continuing its unconstitutional policy or custom of holding onto individuals' personal electronic equipment for unreasonable lengths of time;

(3) For general and special compensatory damages (including direct, indirect, and emotional damages), and punitive damages, in amounts to be determined by the trier of fact, against all Defendants.

(4) For reasonable attorney's fees and costs and expenses of litigation, pursuant to United States Code §§ 1983-1988, and any other relevant statutory or case law, against all Defendants.

(5) For such other and further legal and equitable relief as the Court deems just and proper.

Dated: August 4, 2021

By: /s/ Bryan W. Pease
Bryan W. Pease, Esq.
Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury as to each and every legal cause of action against each and every Defendant.

Dated: August 4, 2021

By: /s/ Bryan Pease
Bryan W. Pease, Esq.
Attorney for Plaintiff