ADAM L. MIEDERHOFF (CA State Bar No. 261913)
Deputy County Counsel
MICHELLE D. BLAKEMORE (CA State Bar No. 110474)
County Counsel
385 North Arrowhead Avenue, Fourth Floor
San Bernardino, California 92415-0140
Telephone: (909) 387-5446
Facsimile: (909) 387-4069
E-Mail:  adam.miederhoff@cc.sbcounty.gov

Attorneys for Defendants, San Bernardino County, Tyler McGee, Jonathan Cahow, Vicente Quiroz, Travis Gagne, and John Wickum

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLANCA GOMEZ,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN BERNARDINO; TYLER MCGEE; JON CAHOW; V QUIROZ; T GAGNE; JOHN WICKUM, and DOES 1-10<br><br>Defendants. | Case No.  5:21-CV-01306<br><br>**ANSWER TO COMPLAINT**<br><br><br><br>Honorable District Court Judge Jesus G. Bernal<br><br>Honorable Magistrate Judge Sheri Pym |

COMES NOW Defendants, San Bernardino County, Tyler McGee, Jonathan Cahow, Vicente Quiroz, Travis Gagne, and John Wickum, in answer to Plaintiff Blanca

1

ANSWER TO COMPLAINT

Gomez's Complaint for Damages on file herein, and admits, denies, and alleges as follows:

## I.

## **INTRODUCTORY ALLEGATIONS**

1. In responding to the allegations set forth in Paragraph 1, Defendants admit Plaintiff Blanca Gomez was arrested on July 20, 2021, but lack sufficient information or knowledge to admit or deny the remaining allegations contained therein, and on that basis, deny the remaining allegations.

2. In responding to the allegations set forth in Paragraph 2, Defendants lack sufficient information or knowledge to admit or deny the allegations contained therein, and on that basis, deny the allegations.

3. In responding to the allegations set forth in Paragraph 3, Defendants admit.

4. In responding to the allegations set forth in Paragraph 4, Defendants admit.

5. In responding to the allegations set forth in Paragraph 5, Defendants admit.

6. In responding to the allegations set forth in Paragraph 6, Defendants deny.

7. In responding to the allegations set forth in Paragraph 7, Defendants admit Plaintiff's home was searched and items were seized, but lack sufficient information or knowledge to admit or deny the remaining allegations contained therein, and on that basis, deny the remaining allegations.

8. In responding to the allegations set forth in Paragraph 8, Defendants admit Plaintiff's home was searched and items were seized, but lack sufficient information or knowledge to admit or deny the remaining allegations contained therein, and on that basis, deny the remaining allegations.

9. In responding to the allegations set forth in Paragraph 9, Defendants admit Daniel Rodriguez's home was searched and items were seized, but lack sufficient information or knowledge to admit or deny the remaining allegations contained therein, and on that basis, deny the remaining allegations.

10. In responding to the allegations set forth in Paragraph 10, Defendants deny.

## II.
## JURISDICTION AND VENUE

11. In responding to the allegations set forth in Paragraph 11, Defendants admit jurisdiction is proper.

12. In responding to the allegations set forth in Paragraph 12, Defendants admit that venue is proper.

## III.
## PARTIES

13. In responding to the allegations set forth in Paragraph 13, Defendants lack sufficient information or knowledge to admit or deny the allegations contained therein, and on that basis, deny the allegations.

14. In responding to the allegations set forth in Paragraph 14, Defendants admit.

15. In responding to the allegations set forth in Paragraph 15, Defendants admit.

16. In responding to the allegations set forth in Paragraph 16, Defendants admit.

17. In responding to the allegations set forth in Paragraph 17, Defendants admit.

18. In responding to the allegations set forth in Paragraph 18, Defendants admit.

19. In responding to the allegations set forth in Paragraph 19, Defendants deny.

20. In responding to the allegations set forth in Paragraph 20, Defendants deny.

## IV.
## ALLEGATIONS OF FACT

21. In responding to the allegations set forth in Paragraph 21, Defendants admit Mr. Rodriguez was video recording at a city council meeting and that San Bernardino County has a contract with the City of Victorville to provide police services, but Defendants lack sufficient information or knowledge to admit or deny the remaining allegations contained therein, and on that basis, deny the remaining allegations.

22. In responding to the allegations set forth in Paragraph 22, Defendants lack sufficient information or knowledge to admit or deny the allegations contained therein, and on that basis, deny the allegations.

23. In responding to the allegations set forth in Paragraph 23, Defendants admit Plaintiff and Mr. Rodriguez were handcuffed and arrested, but Defendants deny the remaining allegations.

24. In responding to the allegations set forth in Paragraph 24, Defendants deny.

25. In responding to the allegations set forth in Paragraph 25, Defendants admit the warrant was executed and items were seized, but Defendants lack sufficient information or knowledge to admit or deny the remaining allegations contained therein, and on that basis, deny the remaining allegations.

26. In responding to the allegations set forth in Paragraph 26, Defendants deny.

27. In responding to the allegations set forth in Paragraph 27, Defendants admit the warrant was executed and items were seized, but Defendants lack sufficient information or knowledge to admit or deny the remaining allegations contained therein, and on that basis, deny the remaining allegations.

## V.

## FIRST CAUSE OF ACTION – 42 U.S.C. § 1983

28. In responding to the allegations set forth in Paragraphs 28 through 37 of the Complaint, Defendants deny.

## VI.

## SECOND CAUSE OF ACTION – 42 U.S.C. § 1983 – MUNICIPAL LIABILITY

29. In responding to the allegations set forth in Paragraphs 38 through 43 of the Complaint, Defendants deny.

## VII.

## REQUEST FOR RELIEF

30. Defendants deny that Plaintiff is entitled to any relief.

## VIII.

## DEFENDANTS' AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

31. Any injury or damages to Plaintiff herein were proximately caused by the

negligence of the Plaintiff, in that said Plaintiff failed to exercise ordinary care under the circumstances. Plaintiff is, therefore, barred from recovery herein, or, if any liability is found on the part of the Defendant, then Plaintiff's recovery shall be reduced on the basis of Plaintiff's contributory comparative fault.

### SECOND AFFIRMATIVE DEFENSE

32.     The injuries and damages alleged by Plaintiff, if any, were proximately caused by the actions, omissions and liability of other persons, and the Defendant requests that an allocation of such fault and liability be made among such other persons, and that if any liability is found on the part of the Defendant, that judgment against the Defendant be only in the amount which is proportionate to the extent and percentage by which the Defendant's acts or omissions contributed to Plaintiff's injuries or damages.

### THIRD AFFIRMATIVE DEFENSE

33.     Plaintiff failed to mitigate her damages, if any, and is, therefore, barred from recovery herein, or in the alternative, should have the damages reduced by that amount attributable to the failure to mitigate.

### FOURTH AFFIRMATIVE DEFENSE

34.     The Complaint and the causes of action therein fail to state facts sufficient to constitute a cause of action against the Defendant.

### FIFTH AFFIRMATIVE DEFENSE

35.     At all times relevant to this litigation, Defendant acted in good faith and with probable cause and at no time did the Defendant know or should the Defendant have known that the actions taken within the sphere of the Defendant's official responsibility would violate the constitutional rights of the Plaintiff and the Plaintiff is thereby precluded from maintaining her causes of action for violation of his civil rights, under principles of qualified immunity.  [*Harlow v. Fitzgerald* (1981) 457 US 800]

### SIXTH AFFIRMATIVE DEFENSE

36.     At all times relevant to this litigation, the Defendant acted in good faith and with probable cause and entertained an honest reasonable belief that the Defendant's

actions were reasonable and necessary thereby precluding the Plaintiff from maintaining any causes of action for violation of her civil rights. [*Pierson v. Ray* (1967) 386 U.S. 547]

## SEVENTH AFFIRMATIVE DEFENSE

37. At no time relevant to this litigation was the Due Process Clause of the United States Constitution implicated, because the conduct of the Defendant was, at most, a mere negligent act of an official causing unintended loss of or injury to life, liberty or property and the Plaintiff is, therefore, precluded from maintaining her causes of action for violations of his civil rights. [*Daniels v. Williams*, (1986) 447 U.S. 327]

## PRAYER

WHEREFORE, the answering Defendants pray that:

1. Plaintiff takes nothing by reason of the Complaint for Damages;
2. For costs of suit herein incurred;
3. For defense costs, including reasonable attorney fees; and,
4. For such other and further relief as the Court may deem just and proper.

DATED: September 2, 2021        Respectfully submitted,

MICHELLE D. BLAKEMORE
County Counsel

_____
ADAM L. MIEDERHOFF
Deputy County Counsel
Attorneys for Defendants